# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| C & J FINANCIAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-2360-L** |
| | § | |
| DARRELL MILLER; RODERICK MILLER; and JEANETTE MILLER, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff C & J Financial, LLC's Motion for Default Judgment Against Defendants Darrell Miller, Roderick Miller and Jeanette Miller (Doc. 17), filed February 8, 2018.* After careful consideration of the record and applicable law, the court **grants** Plaintiff C & J Financial, LLC's Motion for Default Judgment Against Defendants Darrell Miller and Roderick Miller, and **denies as moot** the motion as it relates to Jeanette Miller.

**I.     Factual Background**

Prior to and at the time of his death on or about November 23, 2016, Daniel Miller ("Decedent") was covered by a group life insurance policy issued by Plaintiff MetLife and at issue in this case. Decedent passed away on or about November 23, 2016. Subsequent to Decedent's death, Golden Gate Funeral Home ("the Funeral Home") in Fort Worth, Texas, provided funeral goods and services for Decedent's final disposition.

---

* On February 2, 2018, the court ordered the parties to be realigned so that C & J Financial, LLC is "Plaintiff;" and Darrell Miller, Roderick Miller and Jeanette Miller are "Defendants." *See* Doc. 15.

**Memorandum Opinion and Order – Page 1**

Subsequent to the Decedent's death, Defendants and purported beneficiaries Darrell Miller and Roderick Miller assigned a principal amount of $7,221.90 from the MetLife insurance policy benefits to the Funeral Home, and the Funeral Home in turn re-assigned the benefits to Plaintiff C & J Financial, LLC ("Plaintiff" or "C & J").

The parties' assignment agreements provided, among other things, that assignors Defendants Darrell Miller and Roderick Miller: (i) warranted title to the policy; (ii) guaranteed the validity and sufficiency of the assignment; and (iii) promised to immediately pay Plaintiff C & J any assigned amounts it failed to receive from MetLife ninety (90) days after the assignment. As consideration for the assignment of the policy benefits, Plaintiff C & J provided funding to the Funeral Home to enable Decedent's final disposition to go forward.

MetLife was unwilling or unable to pay Plaintiff C & J's assigned claim on the policy benefits because of the dispute between the three Defendants regarding their respective claims to be beneficiaries or to priority under the MetLife insurance policy.

No Defendant has disputed that the advance funding provided by C & J made possible Decedent's funeral goods and services and final disposition. A principal amount of $7,221.90 remains unpaid on the assignment balance due and owing to Cross-claim Plaintiff C & J.

On September 1, 2017, MetLife filed an interpleader action in this matter to determine, among other things, the priority, order and amounts that policy benefits should be paid to the several claimants or potential claimants. Defendant Darrell Miller received a Waiver of Service of Summons document from MetLife, and executed the same on September 15, 2017. Defendant Roderick Miller received a Waiver of Service document from MetLife, and executed the same on September 15, 2017. Defendant Jeanette Miller received a Waiver of Service of Summons

document from MetLife, and executed the same on September 18, 2017. None of the Defendants has filed an answer or otherwise appeared in this action.

On February 8, 2018, C & J requested the clerk of court to enter a default against Defendants, and the clerk made an entry of default against Defendants the same day. Plaintiff now requests the court to enter a default judgment against Defendants and award it damages and applicable interest as a result of their default.

## II.    Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendants. The court also finds, based upon the information in the record, that Defendants are not minors, incompetent persons, or members of the United States military.

Defendants, by failing to answer or otherwise respond to the Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* (citation omitted).

C & J filed claims for declaratory judgment and unjust enrichment against Darrell Miller, Roderick Miller, and Jeanette Miller; and filed a claim for breach of contract against Darrell Miller

**Memorandum Opinion and Order – Page 3**

and Roderick Miller. For purposes of this order, the court focuses only on C & J's claim for breach of contract.

Under Texas law, the elements for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). The record clearly establishes that Darrell Miller and Roderick Miller breached a contract with C & J, as all four elements have been established by C & J.

The court determines that, because of Darrell Miller and Roderick Miller conduct, C & J has been damaged monetarily, and C & J is entitled to recover damages from them jointly and severally. As the court has found that Darrell Miller and Roderick Miller have breached the contract and are liable for the full amount C & J requested, the court need not address any claims against Jeanette Miller, and the court does not grant default judgment against her.

Based on the well-pleaded allegations of the Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants Darrell Miller and Roderick Miller are in default and that C & J is entitled to a default judgment and appropriate damages. The total amounts that these Defendants owe C&J is **$7,221.90**, plus prejudgment interest from November 2, 2017, to July 19, 2018, at the annual rate of 18% per annum. Prejudgment interest is therefore, $922.42. The total amount that C & J shall recover is **$8,144.32.**

### III. Conclusion

For the reasons herein stated, the court **grants** C & J Financial, LLC's Motion for Default Judgment Against Defendants Darrell Miller and Roderick Miller, and C & J is entitled to and shall recover from these two Defendants the amount of **$8,144.32.** The court will enter judgment

by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of C & J Financial, LLC.

**It is so ordered** this 20th day of July, 2018.

_____
Sam A. Lindsay
United States District Judge